IN THE

# Supreme Court of the State of Georgia,

## AT ATLANTA,

## DECEMBER TERM, 1868.

Present—JOSEPH E. BROWN, *Chief Justice.*
H. K. McCAY, } *Judges.*
HIRAM WARNER, }

---

JOHN B. PERRY, plaintiff in error, *vs.* WM. H. HODNETT, defendant in error.

(This was held up under military order.)

1. A and B made and delivered to C their joint and several promissory note, due twelve months after date. C afterwards, for a valuable consideration, agreed with A, without the consent of B, to extend the time of payment twelve months longer. C endorsed and delivered the note to D after it was due, with notice of the extension of the time of payment. D, after said time expired, sued A and B, as makers, and C as endorser, and obtained judgment. B, who was then. absent in the military service, returned, after the rendition of judgment, and entered an appeal within the time allowed by the Ordinance of the Convention of 1865, and set up the defence that he was only a surety for A, and had no interest in the consideration of the note. A, who had entered no appeal, died before the trial, and was not a party to the "issue on trial:"

*Held,* that on the trial of the issue between D as plaintiff, and B as

Perry *vs.* Hodnett.

defendant, B was a competent witness under our Statute, to prove that he was only a surety to the note. In a suit by A's representative, after payment out of A's estate, against B for contribution, A and B, who were parties on the same side of the original contract, would be opposing parties to the issue on trial, and B would be an incompetent witness.

2. The evidence that B was only a surety, and that C knew that A was to pay the debt, was sufficient to sustain the finding of the jury, and the extension of time of payment given by C to A, without the consent of B, the surety, released him.

3. A motion was made, which the Court agreed to consider in connection with the record, to dismiss this case, on the ground that the new Constitution of the State, adopted since the trial in the Court below, denies to the Courts of this State jurisdiction to enforce any contract, the consideration of which was a slave, it appearing from the record that the note in suit was given for slaves:

*Held,* that the judgment which this Court pronounces upon the points made by the bill of exceptions, renders it unnecessary to decide the question raised by the motion.

Complaint.   Novation.   Tried by Judge VASON.   Calhoun Superior Court.   March Term, 1868.

This action was bottomed upon the following promissory note:

$3,745 00.   Twelve months after date we, or either of us, promise to pay James W. Powell, or bearer, the sum of thirty-seven hundred and fifty dollars, for value received, and if not punctually paid, interest from date.   Dec'r 2nd, 1859.

ROBERT WHITE,
W. H. HODNETT.

Endorsed " J. W. POWELL."

Plaintiff had judgment against the makers and endorser. Subsequently, Hodnett appeared, and showed that he was absent in the army when said judgment was entered, and had a substantial defence, and by permission of the Court, entered an appeal.   Hodnett's defence was, that he was only surety for White, and that Powell had contracted to indulge White on the note, and that plaintiff took it with notice.

At the trial, the plaintiff read in evidence the note, and closed.   Defendant read in evidence the interrogatories of said indorser, by which it was shewn that he was the owner of the note, and, in the fall of 1865, he took from said Robert

White his promissory note for one hundred and twelve dollars, in consideration of giving him a year's indulgence on the note sued on; that when the plaintiff bought the note, he was told of that arrangement, and agreed to carry it out; the note was given for slaves; that he never knew nor had any reason to believe Hodnett was not a co-obligor, equally interested with White in the consideration of the note till Hodnett said so, in the fall of 1865, though he (Powell) was was not present when the note was signed, and he had no idea that Hodnett was only a securty on the note when said indulgence was granted.

Hodnett then offered to testify in his own behalf. His testimony was objected to, because White was dead, but the Court held that he was competent. He then testified that the note was given for slaves; that he was not interested in the consideration, and was only a security for White, though he was not sure Powell knew that when he took the note.

F. M. Harper testified that Powell gave him said note for suit, and told him to sue it in Stewart county, (where White lived,) saying, White was to pay the note; that afterwards Powell told him of said contract for indulgence, and soon after Powell sold it to Perry, he agreeing to carry out said contract. Harper preferred suing it in Calhoun, where Hodnett resided.

All this evidence, to show that Hodnett was a security on the note, was allowed by the Court, over the objection of the plaintiff's attorneys.

The Court charged the jury that, if Hodnett was but a security on said note, though there was nothing in the note to indicate it, he could show it on this trial as a defence against the plaintiff, etc.

The verdict was for the defendant. Thereupon, the plaintiff moved for a new trial, on the ground that the Court erred in allowing evidence that Hodnett was only a security on said note, in allowing Hodnett to testify in the cause, because the Court erred in charging as aforesaid, and because the verdict was contrary to the evidence, etc. The Court

refused a new trial, and error is assigned on each of said grounds.

C. B. WOOTTEN, LYON & DEGRAFFENRIED, for plaintiff in error.

W. A. HAWKINS for defendant in error.

BROWN, C. J.

The main question in this case, is whether Hodnett, the defendant, was a competent witness under the Act of 1866, to prove that he was not interested in the original consideration for which the note was given, and was, in fact, only a surety.

The statute declares, that no person offered as a witness shall be excluded by reason of incapacity from crime or interest, or from being a party, from giving evidence, etc. To this general rule, there are certain exceptions, of which the following is the only one that bears upon this case. Its language is:

1. "When one of the original parties to the contract or cause of action, in issue, or on trial, is dead, or is shown to the Court to be insane, or when an executor or administrator is a party in any suit, on a contract of his testator or intestate, the other party shall not be admitted to testify in his own favor."

We think the proper construction of this clause is, that the parties must have been on different sides of the contract, or cause of action, or must be opposing parties, with conflicting interests in the issue on trial, to exclude the survivor as a witness, on the death of one of the parties. In this case, White and Hodnett, as makers, were on the same side of the original contract, and in the original suit, were sued together, by Perry, and judgment rendered against them, as makers, and Powell, as endorser. Neither White nor Powell entered an appeal. At the time of the rendition of this judgment, Hodnett was absent in the military service, and after his return home, he alone entered an appeal, within the time

specified by the Ordinance of the Convention of 1865, and set up as a defence that he was, in fact, a surety to the note, without. interest in the consideration; which fact did not appear upon the face of the note. Perry is mentioned as plaintiff, and Hodnett as defendant, through the entire record, after the appeal, including the bill of exceptions. In the mean time, White, the other maker, died, and his estate was not represented in any of the litigation subsequent to the appeal. The original judgment remained against him and Powell, unreversed and unsatisfied. The only question on trial was between Perry and Hodnett, and the judgment to be rendered on the trial of this issue, could in no way affect the interest of White's estate, as he was not a party to the issue on trial; and in case the estate should pay off the original judgment, and sue Hodnett for contribution, this judgment could not be evidence in his favor against the estate, which was neither a party to this issue, nor in any way represented on the trial. In case such an action should hereafter be brought by White's representative against Hodnett, their interests would then become antagonistic, and they would be opposing parties to the " issue on trial." In that case, White being dead, Hodnett, the opposing party, would not be a competent witness in his own favor.

2. But it was insisted, by the plaintiff in error, that Hodnett ought not to be released, admitting all he states in his testimony to be true, as it was not proven that Powell, the payee and holder of the note, knew that Hodnett was a surety when he agreed, for a valuable consideration, to extend the time of payment. We do not think it necessary to enter into a discussion of the question here raised, as we are satisfied upon an inspection of the record, that there was sufficient evidence that White, alone, was to pay the note, to sustain the finding of the jury; and as the presiding Judge was satisfied with the verdict, we will not disturb it on this ground.

3. The record in this case, discloses the fact that the note in question was given for slaves, and rested upon no other consideration. Since the trial in the Court below the new

Constitution has been adopted, which contains the following language: "*Provided,* that no court or officer shall have, nor shall the General Assembly give jurisdiction or authority to try or give judgment on, or enforce any debt, the consideration of which was a slave or slaves, or the hire thereof." Counsel, for defendant in error, moved to dismiss this case, on the ground that neither this Court, nor any other court in this State, can entertain jurisdiction of this case, under the above provision of the Constitution. The Court agreed to consider this motion in connection with the record. After a careful consideration of the questions made in the record, we are satisfied that the judgment we pronounce upon them renders it necessary to decide the question raised by the motion to dismiss. We therefore affirm the judgment of the Court below.